SIONE POTI and SUAFOU for TAETAFEA,
VIAVIA for TE'O FAMILY, Plaintiffs

v.

TIUALII SAMOA of Pago Pago, Defendant

No. 3-1953

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Papaatai" in Pago Pago]

February 24, 1953

ARTHUR A. MORROW, *Chief Judge;* MALEPEAI, *Associate Judge.*

OPINION AND DECREE

Heard at Fagatogo February 13, 1953 before *Chief Judge* MORROW and *Associate Judge* MALEPEAI.

Suafoa for Taetafea; Viavia for the Te'o Family; Tiualii Samoa *pro se.*

MORROW, *Chief Judge.*

Tiualii Samoa filed his application with the Registrar of Titles to have the land Papaatai in Pago Pago registered as his individually owned land. The application was accompanied by a survey of the land. Sione Poti and Suafoa filed an objection in behalf of Taetafea claiming that Papaatai was the individually owned land of Taetafea. Viavia, a member of the Te'o Family, acting in its behalf also filed an objection to the proposed registration claiming that the land was the communal family land of the Te'o Family.

Prior to the hearing the Court viewed the property in the presence of the parties.

It is admitted by all parties that the land Papaatai was the communal family property of the Te'o Family when the Government was established in 1900. Taetafea claims that sometime thereafter and prior to 1906 Te'o Tauvaga conveyed the same to her husband Poti. It seems that Te'o Tauvaga was a gambler and that Poti let him have some money in order that he might gamble and also build a guest house. Taetafea claims that the conveyance, if there was one, was oral. Te'o testified that the conveyance to Poti was annulled by the Court because the family did not consent and also because the conveyance was part of a gambling transaction.

■ We believe from the evidence that the Te'o Family never gave its consent to the claimed conveyance to Poti. Without such consent no title could pass. Communal family land is the property of the family (clan), not the matai, although the matai has certain control over it in accordance with Samoan customs. Our conclusion from the evidence is that Poti did not become the owner of Papaatai as a result of Te'o Tauvaga's purported conveyance since the family (clan) of Te'o did not consent to the transfer of the

land. It follows therefore that Taetafea, who claims ownership through inheritance from Poti, is not the owner of Papaatai.

Te'o Tauvaga was removed as the matai of the Te'o Family about 1900 and the present Te'o Falepopo succeeded him. Tiualii Samoa claims title through a conveyance from Te'o Falepopo about 1923. The Te'o Family was involved in a law suit over some land in Fagatogo in 1923 and had $75.00 costs to pay. In order to pay the costs, Te'o Falepopo borrowed the $75.00 from Tiualii Samoa and agreed that if it was not paid within 30 days, then Tiualii Samoa was to have the land Papaatai in satisfaction of the debt. The money was not repaid and Te'o Falepopo conveyed the land to him. This conveyance, according to the testimony of Te'o Falepopo himself, was made with the consent and approval of the Te'o Family. Viavia testified that the family did not consent to the conveyance. However, he was only about 12 years old at the time. That he should have any actual knowledge of the matter is highly improbable. The contract to convey was in writing and signed by Te'o (Falepopo), Tauvaga and Su'euga. The Court believes the testimony of Te'o Falepopo that the family consented to the conveyance. After the conveyance Tiualii Samoa went into possession of Papaatai. His possession has been continuous for about thirty years. During that time he has used the land primarily for plantations. A few years ago his son's wife was buried on the land.

It makes no difference that the conveyance itself was not in writing since Tiualii Samoa paid the consideration and went into possession and used the land for plantations for more than 20 years, claiming it as his own.

■ "While the law seems to be otherwise in some states, the decided weight of authority is to the effect that a vendee of land in possession under a contract of sale by parol or in writing holds adversely to his vendor from the

moment of payment or performance of the conditions of the contract, although a deed is not executed, and if this possession is continued for the statutory period the purchaser acquires title by the statute of limitations." 2 Corpus Juris 154 citing in support of the majority rule *Dolton v. Cain*, 14 Wall. 472, 20 L.Ed. 830 and *Boone v. Chiles*, 10 Pet. 177, 9 L.Ed. 388. In *Gaoteote P. Foster et al. v. George Fiaalii*, No. 11A-1952 (H.C.Am.Samoa) we approved the majority rule. "Where, however, the terms of the contract have been performed, the possession thereafter is adverse." 2 Corpus Juris 153.

 The evidence clearly showed that Tiualii Samoa has been in possession of Papaatai for more than 20 years—in fact almost 30 years—and that such possession has been actual, open, notorious, peaceable, exclusive, continuous, hostile and adverse. Under these circumstances any claims of the Te'o Family or of Taetafea have been outlawed through the operation of the statute of limitations and title at the end of such twenty year period vested in Tiualii Samoa, the proponent. *Gaoteote Foster et al. v. George Fiaalii*, supra; *Maxwell Land Grant Company v. Dawson*, 151 U.S. 586, 607; *Vaimaona v. Mulitauaopele S.*, No. 58-1947 (H.C.Am.Samoa); *Puailoa v. Leapaga*, No. 64-1948 (H.C.Am. Samoa).

"The effect of the operation of the statute of limitations is to vest title to the property involved in the adverse possessor." *Lauvale Family v. Pauesi and Fiamaua*, No. 22-1949 (H.C.Am.Samoa). Sec. 907 of the A. S. Code prescribes 20 years as the statutory period governing acquisition of title by adverse possession. We find that the land Papaatai is the individually owned property of Tiualii Samoa.

DECREE

Accordingly it is ORDERED, ADJUDGED and DECREED that the land Papaatai in Pago Pago, as shown on

the survey accompanying the application to register the same, shall be registered as the individually owned land of Tiualii Samoa. The Registrar of Titles will be advised of this decree.

Costs in the sum of $12.50 are hereby assessed against Viavia and a like amount against Sione Poti and Suafoa. Total costs $25.00. Costs are to be paid within 30 days.